By the Court.—Sedgwick, J.
The plaintiff sued to recover $8,000 as due upon the sale and conveyance of real estate by her to the defendant.. The answer-averred that such sale and conveyance was made 19th of February, 1870, pursuant to a written contract executed on the part of the plaintiff through her agent; that before this sale and conveyance and contract the plaintiff entered into an agreement with the defendant, by which the former was to buy from the latter certain real estate in blew Jersey, and the plaintiff was to pay for the same by conveying to the defendant two lots of land in Fifty-seventh and Fifty-eighth streets hi blew York City, and also by giving her bond to the defendant in $8,000, secured by a mortgage upon the bTew Jersey land; that the defendant attended at the proper place and duly tendered performance on his part, and the plaintiff, although, professing an intention to convey the lots in Fifty-seventh and Fifty-eighth streets, and " to treat the said $8,000 as a part execution and fulfil *405 “ment of the said contract,” was not prepared to convey those lots as provided "by the contract, because they were encumbered by mortgages. The averment above quoted from the answer referred to a previous part of the answer which stated that “ at the time of closing the “sale and conveyance referred to in the complaint, the “plaintiff being justly indebted under the contract set “up by the answer in the sum of §8,000 which, in lieu “of giving her bond and mortgage therefor, she elected “to pay by deducting the same from the cash payment “ of §9,500, which the defendant was to make upon the '‘sale and conveyance mentioned in the complaint, and “that accordingly it was agreed between the parties “that the whole of the said cash payment should be and “ the same was in and by the said deed mentioned in “the complaint acknowledged by the plaintiff to have “been paid, and that the same was in fact paid, parcel “thereof, to wit, the sum of §8,000, by releasing the “ said plaintiff from her contract to give a bond for that “ sum secured by a mortgage on the said lands at Long “Branch,” and the residue thereof, to wit, §1,500 in cash.
It does not appear by the pleading, and the contrary is to be inferred from them, that the contracts referred to were to be completed cotemporaneously. I should infer that the alleged failure of the plaintiff to perform her part of the contract set out in the answer occurred before the delivery of the deed referred to in the complaint, andthatthe claim was, thatafter that time the plaintiff elected that defendant’s obligation to pay her §8,000 should be satisfied by her being released from her obligation to give her bond for §8,000 and mortgage on the blew Jersey land. The answer, however, assumes in one part that this election had been made before the time for the completion of the contract set up in the .answer.
The answer demands judgment for damages for the *406 plaintiff’s failure to convey the Fifty-seventh and Fifty-eighth Street lots as agreed.
As the testimony showed, the plaintiff was absent from this country during the transactions involved. She executed in Europe a deed of the Fifty-seventh and Fifty-eighth Street lots to the defendant, and sent it to Mr. Lynch, and wrote a certain letter concerning it to Mr. Lynch. This deed was never delivered to defendant, but destroyed. Beyond this, the matters set up in the answer refer to things done and agreements made in her name by Mr. Lynch, and an important and perhaps the only question is, was Mr. Lynch authorized to act for her ?
It is not disputed that Mr. Lynch was authorized, by power of attorney, to make the contract for the conveyance of the property referred to in the complaint. That power made him the attorney of the plaintiff, “ to grant, ‘' bargain, sell, or exchange for such price and on such “terms as to him shall seem meet” the property referred to in the complaint. The defendant urges, that it not being disputed that the attorney had the right to make the contract for the conveyance, he had the right to modify it before it was executed, and that therefore he had the right to bind her to take payment of $8,000 in some other way than in cash as first agreed. But, confining ourselves to the facts of this case, it seems clear, everything else being conceded, that he cannot uphold the agreement as one of binding obligation on the defendant, and then satisfy the defendant’s obligation by setting off against it, or consenting that there should be set off against it, an obligation on the part of the plaintiff made by him in her name and which he was not authorized to make. He would have been as much authorized to give a receipt in full, and release without any payment of the money in any form.
All other considerations being left out of view, the answer could not be maintaimed without proving that *407 Mr. Lynch, was authorized by the plaintiff to make the agreement that she would buy the New Jersey property, and would give her bond and the mortgage on that property to secure it. As to this, I cannot see that there is any proof whatever that the plaintiff either originally or by ratification 'authorized Mr. Lynch either to bind her to give a bond, or to give one in her name which would become her bond, or to buy real estate for her, or to exchange the Fifty-seventh and Fifty-eighth Street lots for real estate. The power of attorney in writing, under which Mr. Lynch sold the property referred to in the complaint, has no relation to the Fifty-seventh and Fifty-eighth Street lots. It does not appear that she ever was informed that it was proposed that she should exchange that property for real estate and was to- give a mortgage upon the latter. On the contrary, the information she received, in pursuance of which she executed the deed of the Fifty-seventh and Fifty-eighth Street lots, was that they were to be sold for cash or at least for first mortgages, not for real estate on which she was to give a mortgage.
I think, therefore, that the conclusion of the learned judge below, that the defendant had not shown any authority from the plaintiff to Mr. Lynch to make the agreements on which the defence rests, was correct, and the various rulings made by him on that position were also correct.
Further, the learned judge was correct in deciding that the presumption created by the admission .in the deed (of the property referred to in complaint) that the consideration had been paid in money, was modified by the statements in the answer setting up the mode of payment, and that it was not in money.
The judgment should be affirmed, with costs.
Mohell and Curtis, JJ., concurred.